IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| **Lloyd E. Turentine**<br>    **Plaintiff,**<br><br>vs.<br><br>**City of Chicago, City of Chicago Department of Police and Chicago Police Superintendent Garry McCarthy** | )<br>)<br>)<br>)<br>)  NO.<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

Plaintiff, Lloyd E. Turentine, by his attorney, Joel A. Brodsky, as and for his complaint against the Defendants respectfully sets forth:

## PRELIMINARY STATEMENT

1.  This is a civil rights action for monetary damages and other relief brought under 42 U.S.C §1983 and other pendant state causes of action against Defendants CITY OF CHICAGO, CITY OF CHICAGO DEPARTMENT OF POLICE, AND CHICAGO POLICE SUPERINTENDENT GARRY MCCARTHY, for committing acts under color of law and depriving Plaintiff of rights secured by the Constitution and laws of the United States and the State of Illinois. Plaintiff further alleges that Defendant's U.S. Representative, and the Police Defendants, their agents, servants and employees, conspired to violate his Constitutional First Amendment right to petition the government.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction of this action under 28 U.S.C. §§1331 and 1343 in that Defendants' conduct violated rights guaranteed to Plaintiff under the First

1

and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. §1367(a).

## PARTIES

3. Plaintiff, Lloyd Turentine was at all times relevant hereto a citizen of the State of Illinois and a resident of Dupage County who resided at 28W672 Townline Rd. Warrenville, IL 60555.

4. Plaintiff at the time of the alleged incident had been visiting his relatives who then resided at 6111 S. Indiana, Chicago, IL.

5. Defendant, City of Chicago, is a duly constituted municipal corporation of the State of Illinois existing and operating under and by the virtue of the laws of the State of Illinois.

6. Defendant City of Chicago, Department of Police was and is an agency of the City of Chicago, and is headquartered at 3510 S. Michigan Ave., Chicago, Illinois.

7. Defendant Garry McCarthy is the Police Superintendent for the Chicago Police Department. ("Superintendent McCarthy").

## FACTUAL ALLEGATIONS

8. The State prosecuted the Defendant for a Class A misdemeanor offense of unlawful use of a weapon (UUW) in violation of 720 ILCS 24-1, for allegedly possessing firearms in his vehicle (Kimber, Eclipse Target II .45 Cal, Serial No. K291932, CPD Inv. #12314706).

9. The City of Chicago prosecuted the Defendant for possessing firearms without a firearms registration certificate in violation of Section 8-20-140(a) of Municipal Code, for allegedly possessing three (3) firearms in a residence (Kel-Tec

Model PLR-16.5-56 Cal., Serial #P6200 CPD Inv No. 12314694, Kel-Tec Model Sub-2000 .40 Cal, Serial #E7615 CPD Inv. No. 11314695, and a Kel-Tec Model SU-16 5.56 Cal., Serial #M3190 CPD Inv. No. 12314697).

10. The Defendant was found not guilty of all charges on September 29, 2011.

11. When the Defendant was arrested on May 13, 2011, the Defendant was transporting the above firearm (Kimber, Eclipse Target IL, Serial No. K291932) in the trunk of his vehicle, where it was not immediately accessible and was unloaded and cased. Additionally, the other firearms which were inside the premises at 6111 S. Indiana, Chicago, Illinois, (Kel-Tec Model PLR-16.5-56 Cal., Serial #P6200 CPD Inv No. 12314694, Kel-Tec Model Sub-2000 .40 Cal, Serial #E7615 CPD Inv. No. 11314695, and a Kel-Tec Model SU-16 5.56 Cal., Serial #M3190 CPD Inv. No. 12314697), were all unloaded and cased. Further, the Defendant possessed a valid Illinois Firearms Identification Care "FOID" card at the time of his arrest.

12. Possession of such firearms by the following persons is exempted from the requirements of 8-20-140(a):

> Persons licensed as private security contractors, security guards, private detectives, or private alarm contractors, or employed by an agency certified as such by the Department of Professional Regulation;
> *See 8-20-140-(a)*

13. The Defendant was at all relevant times a private security contractor whose possession of such weapons is exempt from 8-20-140.

14. The Defendant is licensed by the Illinois Department of Financial and Professional Regulation.

3

15. The Defendant was employed by Kates' Detective & Security Agency Inc, at all relevant times, and possessed a valid Firearm Control Card from the Illinois Dept. of Financial and Professional Regulation.

16. The Defendant made the Chicago Police Department aware of the fact that he had a valid FOID card and was a properly licensed and employed private security contractor prior to his arrest by officers of the Chicago Police Department on May 13, 2011.

**Plaintiff's Firearms Are Wrongfully Confiscated**

17. Defendant Chicago Police Department seized all of Defendants legally owned and possessed guns when it did not have probable cause to believe that he was in violation of any law or ordinance.

18. The Chicago Police Department has refused to return the Plaintiff's firearms to him even though he has demanded their return.

19. The Chicago Police Defendant's confiscation of the firearms violates Plaintiff's Due Process Rights since no mechanism or procedure exists for the return of his firearms.

20. Superintendent McCarthy has instituted a policy for the Chicago Police Department whereby the Chicago Police Department are to make it as difficult as possible, if not practically impossible, for a person to retrieve firearms which have been confiscated by the Chicago Police Department.

21. As a result of the Defendants unlawful conduct, Plaintiff's involvements in daily activities he previously engaged in, and enjoyed Constitutional protection for, have been chilled.

22. Plaintiff now lives in constant state of fear that exercising his constitutionally protected rights will result in his arrest, since the Defendants have already displayed a blatant disregard for the Plaintiff's constitutionally protected rights.

23. The Police Defendants still remains wrongfully in possession of Plaintiff's firearms, and have denied him the use and enjoyment of his firearms, and there does not exist any mechanism or procedure by which he can obtain their return.

**AS AND FOR HIS FIRST CAUSE OF ACTION
FOR VIOLATION OF PLAINTIFF'S
14th AMENDMENT DUE PROCESS RIGHTS
(AS AGAINST THE CHICAGO POLICE DEPARTMENT AND
SUPERINTENDENT GARRY MCCARTHY)**

24. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "24" above as if fully set forth herein.

25. An individual is afforded Due Process protection under the 14th Amendment of the United States Constitution in regard to governmental confiscation of property.

26. Plaintiff's firearms are constitutionally protected property under the 2nd Amendment, to which he is afforded 14th Amendment Due Process protection.

27. Defendants City of Chicago, Department of Police, and Chicago Police Superintendent Garry McCarthy, have enacted a policy under which they routinely and wrongfully confiscate firearms, without providing a mechanism and procedure under which one could reclaim his property.

28. Defendants City of Chicago, Department of Police, and Chicago Police Superintendent Garry McCarthy, have enacted a policy under which they routinely and wrongfully confiscate firearms whether or not there is a legal basis to do so.

5

29. The Police Defendants seizure of the Defendant's weapons without probable cause to arrest the Defendant, when there is no claim that such weapons are contraband per se or that they were used in a crime is a violation of Plaintiff's Due Process Rights.

30. Failing to provide Plaintiff with proper notice and an opportunity for a hearing subsequent to the seizure of Plaintiff's firearms is a violation of his Due Process Rights.

31. The Chicago Police Department have further violated Plaintiff's 14th Amendment Due Process Rights by failing to have a procedure in place under which Plaintiff could challenge this illegal conduct.

32. By requiring Plaintiff to take affirmative steps, including, *inter alia*, the preparation of formal legal pleadings, the payment of a filing fee, the hiring of an attorney, and the subsequent participation in all formal procedural devises of a trial court action, to challenge this unlawful seizure of Plaintiff's property Superintendent Garry McCarthy and the Chicago Police Department has acted unreasonably and unconstitutionally under the Due Process Clause of the 14th Amendment.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR CONVERSION
### (AS AGAINST THE CHICAGO POLICE DEPARTMENT)

33. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "32" above as if fully set forth herein.

34. On May 13, 2011, the Chicago Police Department unjustifiably, and without due process, seized all of Plaintiffs firearms, including, handguns.

35. After his acquittal on September 29, 2011, Plaintiff has not been arrested and is not the subject of any criminal complaint.

36. The Chicago Police Department continues to retain possession of Plaintiff's longarms without cause, legal authority and without a remedy for Plaintiff.

37. The fair and reasonable values of Plaintiff's firearms are $15,000.00.

38. By reason of the foregoing, Plaintiff has been damaged in the sum of $15,000, the value of Plaintiff's firearms.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR REPLEVIN
### (AS AGAINST THE CHICAGO POLICE DEPARTMENT)

39. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "38" above as if fully set forth herein.

40. Defendant Chicago Police Department took and retained Plaintiff's firearms, including, handguns, and pistols.

41. The sole reason Chicago Police Department took Plaintiff's guns was Plaintiff's valid exercise of his second amendment constitutional right to bear arms.

42. Plaintiff demands compensation for his firearms that were taken and retained by Chicago Police Department.

43. The detention by Chicago Police Department of Plaintiff's firearms, including, handguns, pistols, as described above, is wrongful.

44. That Plaintiff has no adequate remedy at law.

45. That by reason of the foregoing, Plaintiff is entitled to an order and judgment of replevin directing Defendants return to Plaintiff his pistol licenses, as well as all of his firearms, including, handguns, pistols and long arms.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**42 U.S.C §1983 – 14th AMENDMENT**
**(AS AGAINST ALL DEFENDANTS)**

46. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "45" above as if fully set forth herein.

47. Defendants City of Chicago, Department of Police, and Chicago Police Superintendent Garry McCarthy, acting under color of state law, collectively and individually have engaged in actions and abuses which have deprived Plaintiff of his rights, including, but not limited to, Plaintiff's rights to be free from arrest and prosecution absent probable cause, and to be free from unreasonable and illegal searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, privileges and immunities secured by the United States Constitution, including the 14th Amendment in violation of 42 U.S.C. §1983.

48. As a direct and proximate result of said acts, Plaintiff has suffered, and continues to suffer, from the loss of his firearms, as well as distress, humiliation, great expense, embarrassment, and damage to his reputation as a result of Defendants conduct. Defendant's actions also infringe upon Plaintiff's First Amendment Rights.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**FOR CONSTITUTIONAL TORT**
**(AS AGAINST ALL DEFENDANTS)**

49. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "48" above as if fully set forth herein.

50. Defendants, Defendants City of Chicago, Department of Police, and Chicago Police Superintendent Garry McCarthy, acting under color of law, violated plaintiff's rights pursuant to the Second Amendment of the United States Constitution.

51. A damages remedy here is necessary to effectuate the purpose of the Second Amendment of the United States Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## **PRAYERS FOR RELIEF**

Plaintiff requests that he receive judgment as follows:

a. First Cause of Action: in excess of $1,000,000.00, in damages, punitive damages, costs and attorneys fees;

b. Second Cause of Action: in excess of $15,000.00, in damages, punitive damages, costs and attorneys fees;

c. Third Cause of Action: an order and judgment of replevin directing Defendants return to Plaintiff all of his firearms, including, handguns, pistols.

d. Fourth Cause of Action: in excess of $1,000,000.00, in damages, costs and attorneys fees;

e. Fifth Cause of Action: in excess of $1,000,000.00, in damages, costs and attorneys fees;

f. Punitive damages against Defendants in an amount the court deems fit;

g. Attorneys fees and costs pursuant to 42 U.S.C. 1988, or in an amount this court deems proper and appropriate;

h. A declaratory judgment that Defendants willfully violated Plaintiff's rights secured by the federal constitution, as alleged herein; and an order that the City of Chicago, Department of Police institute and establish a police and procedure whereby citizens can obtain the return of confiscated or seized firearms, and challenge the seizure of the firearms.

    i. A declaratory judgment that Defendants willfully violated Plaintiff's rights secured by the federal constitution, as alleged herein; and an order that the City of Chicago, Department of Police to cease seizing firearms absent probable cause that they were used in a crime, or are evidence of a crime.

    j. An order granting such other legal and equitable relief as the court deems just and proper.

## JURY TRIAL DEMANDED

In accordance with the provisions of Fed. R. Civ. Pro. Rule 39(b) and 39, Plaintiff hereby demands a trial by jury of all issues so trialable.

                                          Attorney Joel A. Brodsky

                                          /s/ Joel A. Brodsky_____
                                          Joel A. Brodsky
                                          Attorney for Plaintiff Lloyd Turentine
                                          8 S. Michigan Ave. Suite 3200
                                          Chicago, IL 60603
                                          312-541-7000

Joel A. Brodsky
Attorney for Plaintiff
8 S. Michigan Ave.
Suite 3200
Chicago Il 60603
(312) 541-7000
jbrodsky@joelbrodskylaw.com