**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **Lloyd E. Turentine** | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 13 C 5218 |
| | ) | |
| | ) | Hon. Edmond Chang |
| **City of Chicago, City of Chicago** | ) | |
| **Department of Police and Chicago Police** | ) | |
| **Superintendent Garry McCarthy** | ) | |
| | ) | |

# JOINT INITIAL STATUS REPORT

Plaintiff, Lloyd E. Turentine, by his attorney, Joel A. Brodsky, and Defendants City of Chicago Department of Police and Chicago Police Superintendent Garry McCarthy, by and through their attorneys, as and for their Joint Initial Status Report, state as follows:

**1. Nature of the Case:**

a. Plaintiffs' Attorney: Joel A. Brodsky (lead)

Defendants' Attorneys: Rebecca Hirsch (lead) and William Aguiar
City of Chicago Department of Law

b. The basis for federal jurisdiction is 28 USC 1331 and 1343. This is a 42 USC 1983 action to redress a violation of the Plaintiffs due process rights in that Plaintiff alleges that his property was taken and is being withheld without due process of law in violation of the 14th Amendment to the US Constitution and under color of state law in violation of 42 USC 1983.

c. The Plaintiff is asserting that the Defendants wrongfully took his legally owned and possessed firearms and have refused to return them to him. He further alleges that the Defendants have no procedure established for the return of confiscated firearms where they were taken and it is found that they were legally owned and possessed, or where a defendant is acquitted of charges of illegal possession or ownership. Finally, the Plaintiff alleges that that this is a matter of conscious policy which the Defendants have put in place to keep firearms out of the hands of citizens, even if they are legally owned and possessed. Count I is for a 14th Amendment Due Process violation; Count II is for conversion; Count III is for replevin; Count IV is under 42 USC 1983; Count V is for a

constitutional tort for violation of the 2nd Amendment to the US Constitution. There are no counterclaims that have been filed.

d. Plaintiff's Position: There are no major factual issues, as the fact that the Plaintiff was arrested, that his weapons were confiscated by the Chicago Police Department, that he was acquitted of all charges, and that the weapons have not been returned are not disputed and are established by the record in the Illinois State Court case. The major legal issues is whether or not the City of Chicago is required by the 14th Amendment and the 2nd Amendment to establish procedures for the return of firearms which were legally owned and possessed at the time they were confiscated. (See Razzano v. County of Nassau, 765 F. Supp. 2d 176 (2011))

Defendants' Position: Defendants do not dispute that Plaintiff was arrested and certain firearms were confiscated by CPD on May 13, 2011, that Plaintiff was found not guilty on September 29, 2011, and that his weapons have not been returned. Defendants dispute the following fact, however: (1) that Plaintiff lawfully possessed the assault weapons seized; (2) that Plaintiff was exempt from the City's firearm registration requirements; (3) that the City does not have procedures in place for the return of firearms which were legally owned and possessed when confiscated; and (4) that Plaintiff pursued the procedures available to him for the return of any lawfully possessed firearms.

The major legal issues in this case are: (1) whether Plaintiff's claims are barred by the statute of limitations; and (2) whether the City's procedures for the return of lawfully possessed firearms seized during an arrest satisfy due process and Second Amendment rights to the extent such rights are recognized in this case.

a. e. Plaintiff is asking for monetary damages for the violation of his due process and constitutional rights, as well as declaratory and injunctive relief and an order that the City of Chicago, Department of Police institute and establish a police and procedure whereby citizens can obtain the return of confiscated or seized firearms, and challenge the seizure of the firearms.

**2. Pending Motions and Case Plan:**

a. There are no motions currently pending in this matter. Defendants anticipate filing a motion to dismiss Plaintiff's complaint on August 30, 2013.

b. Proposed discovery plan:

i. Interrogatories, document production and depositions are all needed.

ii. 26(a)(1) discovery should be due in 90 days (Plaintiffs' attorney has two (2) felony jury trials in October 2013)

iii. Written discovery should be issued within 90 days.

      iv. Fact discovery completion date of January 31, 2014.

      v. Plaintiff does not foresee a need for expert evidence at this time.

      vi.  Dispositive motions should be filed no later than January 31, 2014

Defendants' position is that discovery should not commence until after this Court has ruled on their motion to dismiss, as that could negate the need to engage in time-consuming and ultimately unnecessary discovery responses.

  c. Plaintiff made a jury demand.  A jury trial should take three (3) days.

  d. Plaintiff and Defendants consent to service of pleadings by electronic means.

**3.  Consent To Proceed Before A Magistrate Judge:**

  a. The parties do not unanimously consent to proceed before a Magistrate Judge for all purposes.

**4.  Status of Settlement Discussions:**

  a. No settlement discussions have occurred.

  b. Not applicable.

  c. Plaintiff requests a settlement conference.   Defendants are amenable to participating in a settlement conference but only after the Court has ruled on their motion to dismiss.


Plainitff by Attorney Joel A. Brodsky        Defendants by Attorney Rebecca Hirsch


/s/  Joel A. Brodsky_____        /s/ Rebecca Hirsch
Joel A. Brodsky        Rebecca Hirsch
Attorney for Plaintiff Lloyd Turentine        Attorney for Defendants
8 S. Michigan Ave. Suite 3200        City of Chicago Department of Law
Chicago, IL 60603        30 N. LaSalle St., Suite 1230
312-541-7000        Chicago IL 60602
jbrodsky@joelbrodskylaw.com        (312) 742-0260
        Rebecca.Hirsch@cityofchicago.org