**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| Lloyd E. Turentine | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   13 C 5218 |
| | ) | |
| | ) | Hon. Sara E. Ellis |
| City of Chicago, City of Chicago | ) | |
| Department of Police and Chicago Police | ) | |
| Superintendent Garry McCarthy | ) | |

## INITIAL STATUS REPORT FOR REASSIGNED CASE

Plaintiff, Lloyd E. Turentine, by his attorney, Joel A. Brodsky, and Defendants City of Chicago Department of Police and Chicago Police Superintendent Garry McCarthy, by and through their attorneys, and pursuant to this Court's October 28, 2013 Minute Order, file this Initial Status Report for Reassigned Case as follows:

**1.**   **Nature of the Case**

    A.   Counsel of Record

Plaintiffs' Attorney:  Joel A. Brodsky (lead)

Defendants' Attorneys:  Rebecca Hirsch (lead) and William Aguiar -- City of Chicago Department of Law.

    B.   Basis for Jurisdiction

The basis for federal jurisdiction is 28 USC 1331 and 1343.  Plaintiff alleges that his property was taken and is being withheld without due process of law in violation of the 14th Amendment to the US Constitution and under color of state law in violation of 42 USC 1983.

    C.   Summary of Claims

The Plaintiff is asserting that the Defendants wrongfully took his legally owned and possessed firearms and have refused to return them to him.  He further alleges that the

Defendants have no procedure established for the return of confiscated firearms where they were taken and it is found that they were legally owned and possessed, or where a defendant is acquitted of charges of illegal possession or ownership. Finally, the Plaintiff alleges that that this is a matter of conscious policy which the Defendants have put in place to keep firearms out of the hands of citizens, even if they are legally owned and possessed. Count I is for a 14th Amendment Due Process violation; Count II is for conversion; Count III is for replevin; Count IV is under 42 USC 1983; Count V is for a constitutional tort for violation of the 2nd Amendment to the US Constitution. There are no counterclaims that have been filed.

Plaintiff's Position: There are no major factual issues, as the fact that the Plaintiff was arrested, that his weapons were confiscated by the Chicago Police Department, that he was acquitted of all charges, and that the weapons have not been returned are not disputed and are established by the record in the Illinois State Court case. The major legal issue is whether or not the City of Chicago is required by the 14th Amendment and the 2nd Amendment to establish procedures for the return of firearms which were legally owned and possessed at the time they were confiscated. (See Razzano v. County of Nassau, 765 F. Supp. 2d 176 (2011))

Defendants' Position: Defendants do not dispute that Plaintiff was arrested and certain firearms were confiscated by CPD on May 13, 2011, that Plaintiff was found not guilty on September 29, 2011, and that his weapons have not been returned. Defendants dispute the following fact, however: (1) that Plaintiff lawfully possessed the firearms seized; (2) that Plaintiff was exempt from the City's firearm registration requirements; (3) that the City does not have procedures in place for the return of firearms which were legally owned and possessed when confiscated; and (4) that Plaintiff pursued the procedures available to him for the return of any lawfully possessed firearms.

The major legal issues in this case are: (1) whether Plaintiff's claims are barred by the statute of limitations; and (2) whether the City's procedures for the return of lawfully possessed firearms seized during an arrest satisfy due process and Second Amendment rights to the extent such rights are recognized in this case.

    D.    <u>Damages</u>

Plaintiff is asking for monetary damages for the violation of his due process and constitutional rights, as well as declaratory and injunctive relief and an order that the City of Chicago, Department of Police institute and establish a policy and procedure whereby citizens can obtain the return of confiscated or seized firearms, and challenge the seizure of the firearms.

**2.**    **<u>Pending Motions and Case Plan</u>**

    A.    <u>Pending Motions</u>

Defendants filed a motion to dismiss Plaintiff's Complaint on August 30, 2013. Plaintiff sought and was granted an extension of time to respond to the motion up to and including October 30, 2013; Plaintiff subsequently filed his response on October 18, 2013. Defendants' reply date is currently November 13, 2013; however, Defendants anticipate filing a motion for extension of time within which to file their reply.

    B.    <u>Proposed Discovery Plan</u>:

No discovery has taken place. Plaintiff proposes that 26(a)(1) discovery should be due in 90 days; written discovery should be issued within 90 days; fact discovery should be completed by February 28, 2014, and dispositive motions should be filed no later than March 31, 2014. Plaintiff does not foresee a need for expert evidence at this time.

Defendants' position is that discovery should not commence until after this Court has ruled on their motion to dismiss, as that could negate the need to engage in time-consuming and ultimately unnecessary discovery responses.

C.  Jury Demand

Plaintiff made a jury demand. A jury trial should take three (3) days.

D.  Consent to Electronic Service

Plaintiff and Defendants consent to service of pleadings by electronic means.

**3. Consent to Proceed Before a Magistrate Judge**

The parties do not unanimously consent to proceed before a Magistrate Judge for all purposes.

**4. Status of Settlement Discussions**

No settlement discussions have occurred.

Plaintiff requests a settlement conference. Defendants are amenable to participating in a settlement conference but only after the Court has ruled on their motion to dismiss.

Dated: November 5, 2013

Plaintiff by Attorney Joel A. Brodsky        Defendants by Attorney Rebecca Hirsch

/s/ Joel A. Brodsky                          /s/ Rebecca Hirsch
Joel A. Brodsky                              Rebecca Hirsch
Attorney for Plaintiff Lloyd Turentine       Attorney for Defendants
8 S. Michigan Ave. Suite 3200                City of Chicago Department of Law
Chicago, IL 60603                            30 N. LaSalle St., Suite 1230
312-541-7000                                 Chicago IL 60602
jbrodsky@joelbrodskylaw.com                  (312) 742-0260
                                             Rebecca.Hirsch@cityofchicago.org