# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LLOYD TURENTINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 C 5218 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| CITY OF CHICAGO, CITY OF CHICAGO ) | |
| DEPARTMENT OF POLICE, and CHICAGO ) | |
| POLICE SUPERINTENDENT GARRY ) | |
| MCCARTHY, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

After the arrest and prosecution arising from Plaintiff Lloyd Turentine's possession of four firearms, he filed suit against Defendants City of Chicago, the City of Chicago Department of Police, and Chicago Police Superintendent Garry McCarthy. Turentine brings claims for (1) violation of his Fourteenth Amendment procedural due process rights for defendants' failure to provide him with a procedure for the return of his firearms (Count I), (2) conversion (Count II), (3) replevin (Count III), (4) violation of his First and Fourth Amendment rights to be free from false arrest and prosecution and unreasonable and illegal searches and seizures (Count IV),[1] and (5) violation of his Second Amendment rights (Count V).[2] Defendants have moved to dismiss all but the replevin claim but ask the Court to decline to exercise supplemental jurisdiction over that claim and dismiss the entire complaint. Because the Court finds that Turentine's federal claims are barred by the statute of limitations, Defendants' motion to dismiss [14] is granted.

---

[1] Although Turentine includes an allegation under this Count that Defendants' actions infringe his First Amendment rights, the basis for a First Amendment violation is unclear.
[2] The Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and the state law claims pursuant to 28 U.S.C. § 1367.

## BACKGROUND[3]

On May 13, 2011, Turentine was visiting relatives who resided in Chicago, Illinois when he was arrested and charged with firearms violations under city and state law. He was found with one firearm in the trunk of his vehicle and three firearms inside his relatives' residence. All firearms were unloaded and cased. At the time, Turentine was employed by Kates' Detective & Security Agency Inc. and had a valid Illinois Firearms Identification ("FOID") card and a valid firearm control card from the Illinois Department of Financial and Professional Regulation. Despite Turentine making the Chicago Police Department aware of the fact that he had a valid FOID card and was a properly licensed and employed private security contractor, police officers proceeded with the arrest.

The State prosecuted Turentine for the misdemeanor offense of unlawful use of a weapon in violation of 720 Ill. Comp. Stat. 5/24-1 for possession of the firearm in his vehicle, while the City prosecuted Turentine for possessing the three firearms in the residence without a firearms registration certificate in violation of Section 8-20-140(a) of the Chicago Municipal Code. Turentine was found not guilty of all charges on September 29, 2011. Despite demands for their return, the Chicago Police Department has not returned Turentine's firearms to him.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive

---

[3] The facts in the background section are taken from Turentine's complaint and are presumed true for the purpose of resolving defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.     Statute of Limitations**

Defendants argue that all of Turentine's claims based on his unlawful arrest and the seizure and retention of his firearms are barred by the statute of limitations. The statute of limitations is an affirmative defense that need not be anticipated in the complaint in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But that is not the case where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely under the governing statute of limitations." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (considering statute of limitations defense on motion to dismiss where relevant dates were set forth in the complaint).

Section 1983 claims are governed by the forum state's statute of limitations for personal injury claims, in this case, two years. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001); 735 Ill. Comp. Stat. 5/13–202. Although the statute of limitations is borrowed from state law, federal law determines when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Under federal law, § 1983 claims begin to accrue when a

3

plaintiff knows or has reason to know that his constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).

Turentine's fourth and fifth claims, for violation of his First and Fourth Amendment rights to be free from false arrest and prosecution and unreasonable and illegal searches and seizures and violation of his Second Amendment rights, arise from his arrest and the seizure of his firearms on May 13, 2011. *See Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013) (false arrest claims accrue "at the time the claimant becomes detained pursuant to legal process" (quoting *Wallace*, 549 U.S. at 397)); *White v. City of Waukegan*, No. 10 C 6454, 2011 WL 2470470, at *2 n.2 (N.D. Ill. June 20, 2011) (claims based on unreasonable search and seizure were time-barred because they accrued at time of seizure); *Herrin v. Dunham*, No. 05-10245, 2008 WL 2781456, at *4 (E.D. Mich. Mar. 17, 2008) (collecting cases finding that causes of action based on seizures of property accrue when alleged illegal seizure occurred), *report & recommendation adopted in part by* 2008 WL 2718802 (E.D. Mich. July 10, 2008). The continued retention of Turentine's firearms does not affect the accrual date. *See MacNamara v. Hess*, 67 F. App'x 139, 143–44 (3d Cir. 2003) ("Although this Court has not had occasion to address the issue in a Section 1983 action alleging an unlawful seizure of property, without exception courts that have faced the question have found that the retention of the seized property is only a consequence of the original alleged illegal seizure and does not affect the date on which the claim accrues."); *Herrin*, 2008 WL 2718802, at *7 ("It is the illegal seizure that triggered this claim, even though the effects of those police actions may have continued into the future. Courts must take note of 'the subtle difference between a continuing violation and a continuing effect of a prior violation.'" (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 858 (6th Cir. 2003))); *Mallard v. Potenza*, No. 94-CV-223 (CBA), 2007 WL 4198246, at *4 n.3 (E.D.N.Y.

Nov. 21, 2007) ("The continued possession of illegally seized property is merely the continued effect of the earlier unlawful seizure."). Turentine filed his complaint on July 22, 2013, more than two years after his arrest and the seizure of his firearms. Thus, counts IV and V are time-barred.

The accrual date of Turentine's procedural due process claim, however, is not as clear-cut. The complaint alleges that Defendants' seizure of Turentine's firearms without a policy or procedure by which he can reclaim those firearms violates due process and that the continued failure to provide Turentine with an opportunity to challenge the alleged illegal seizure further violates due process. In response to Defendants' motion to dismiss, Turentine argues that his due process claim is not for the wrongful seizure of his firearms but rather for the wrongful retention of his firearms. Defendants argue that Turentine is improperly attempting to amend his complaint through briefing on his motion to dismiss to add this wrongful retention claim, but the complaint can fairly be read to allege a claim that Turentine's due process rights have been violated by both the alleged wrongful seizure and the continued retention of his firearms without adequate due process. Whether his claims are timely depends on whether the alleged due process violation accrued at the time of the initial seizure or can be considered a continuing violation.

The initial claim for wrongful seizure without due process is similar to the claims discussed above, but Turentine contends that it only accrued on November 17, 2011, when the State's motion to confiscate and destroy his firearms was denied by the state court.[4] But because

---

[4] Turentine's complaint does not include allegations regarding the motion to confiscate, but Turentine has attached this motion and its denial to his response to the motion to dismiss. Because a plaintiff may supplement his complaint with additional facts consistent with the allegations in the complaint, *Help at Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752–53 (7th Cir. 2001), Defendants do not oppose the Court's consideration of this date. Although the Court will take the date of the motion's denial into consideration here, the Court ultimately finds it immaterial to the resolution of the accrual date.

Turentine alleges that he knew of his injury as of the time of the seizure, *see* Compl. ¶ 16, the Court concludes that Turentine's due process claim accrued at the time Turentine's firearms were seized, on May 13, 2011. *See Woods v. City of Rockford, Ill.*, 367 F. App'x 674, 678 (7th Cir. 2010) (plaintiffs' procedural due process claim for deprivation of liquor license accrued at the time the license was revoked, as this was when the alleged due process violation occurred and "the harm attendant to the nonrenewal [of the liquor license] began to accrue"); *Johnson v. Cullen*, 925 F. Supp. 244, 250 (D. Del. 1996) (due process claim accrued at time property was seized for "[p]laintiffs knew immediately (or at least fairly immediately) that the seizure occurred and that the process of obtaining the writ may have been infirm"); *Shannon v. Recording Industry Ass'n of Am.*, 661 F. Supp. 205, 210 (S.D. Ohio 1987) (rejecting plaintiffs' argument that the action did not accrue until after criminal proceedings were terminated because government had no obligation to return property to them until that time, noting that plaintiffs were not barred from bringing a *Bivens* claim for damages for the violation of their constitutional rights with regard to the seizure of their property until the criminal proceeding was over).

Turentine further argues that the due process violation is continuing and thus his claim is not barred because Defendants not only continue to retain his firearms in violation of his constitutional rights but also maintain a policy or practice of confiscating and maintaining firearms without a legal basis. But courts have rejected the notion that the continued retention of property constitutes a continuing violation for purposes of extending the statute of limitations period, as the injury arises from the initial unlawful seizure of property and the retention of the property is "merely a consequence of the alleged illegal seizure." *Shannon*, 661 F. Supp. at 211; *see also Johnson*, 925 F. Supp. at 250 ("Although plaintiffs were deprived of their property until it was returned to them, that was the continual ill effect of the original act of seizure."). Thus,

despite the fact that Turentine's firearms have not yet been returned to him, that is merely an allegation of "a continuing adverse consequence of prior unlawful conduct." *Diliberti v. United States*, 817 F.2d 1259, 1264 (7th Cir. 1987). This case is similar to *Savory v. Lyons*, in which the Seventh Circuit found that the defendants' refusal to release evidence for testing was a discrete act with "lingering consequences" and not a "fresh act" that occurred with each day that the plaintiff was denied access to the evidence he sought. 469 F.3d 667, 672–73 (7th Cir. 2006); *see also Hobbs v. Cappelluti*, 899 F. Supp. 2d 738, 757 (N.D. Ill. 2012) (declining to apply continuing violation doctrine to Fifth Amendment coerced confession claim, finding that "[a]lthough he may have experienced ongoing harm as a result of these uses [of his confession], his injuries were not 'the consequence of a numerous and continuous series of events'" (citation omitted)). Nor does Turentine's allegation that the seizure and retention were based on unchanged policies or practices transform the injury into a continuing one, for these policies form the basis of Turentine's initial injury and do not create a "fresh" injury with each day that the firearms are retained. *See Cherosky v. Henderson*, 330 F.3d 1243, 1248 (9th Cir. 2003) (refusing to find continuing violation "merely because a plaintiff alleges that the acts were taken pursuant to a discriminatory policy, noting that "[i]f the mere existence of a policy is sufficient to constitute a continuing violation, it is difficult to conceive of a circumstance in which a plaintiff's claim of an unlawful employment policy could be untimely" (alteration in original) (quoting *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 533 (5th Cir. 1986))); *cf. Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996) (finding a continuing violation based on the regular receipt of a paycheck that was based on an allegedly discriminatory pay system). Because Turentine knew of his injury at the time of the seizure, his due process claims—for both unlawful seizure and the retention of the firearms without due process—are time-barred.

7

**II.     State Law Claims**

Having concluded that Turentine's federal claims are barred by the statute of limitations, the only remaining claims are his state law claims for conversion and replevin.  The Court declines to exercise supplemental jurisdiction over these remaining state law claims.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("It is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [14] is granted.  Counts I, IV, and V of Turentine's complaint are dismissed with prejudice.  Counts II and III are dismissed without prejudice to refiling in state court.  This case is terminated.

Dated: March 4, 2014

SARA L. ELLIS
United States District Judge